UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

Ginger Donat,
Micah Gilliam,
and other similarly situated individuals,

     Plaintiffs,

v.

M.U Consultants LLC,
and Usman Tanveer, individually

     Defendants,

_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C. § 216(b))

COME NOW Plaintiffs Ginger Donat, Micah Gilliam, and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants M.U Consultants LLC, and Usman Tanveer individually, and allege:

### Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid regular and overtime wages and retaliation under United States laws. Accordingly, this Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiffs Ginger Donat and Micah Gilliam are residents of Orange County, Florida, within the jurisdiction of this Court. Plaintiffs are covered employees for purposes of the Act.

3. Defendant M.U Consultants LLC (from now M.U. Consultants, or Defendant) is a Florida Limited Liability Company, having a place of business in Orange County, Florida, where Plaintiffs worked for Defendant.

4. Defendant M.U. Consultants was the Employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. At all times material, Defendant was and is engaged in interstate commerce.

5. Individual Defendant Usman Tanveer is the owner/partner/and manager of Defendant Corporation M.U. Consultants. The individual Defendant is the Employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

6. All the actions raised in this Complaint occurred in Orange County, Florida, within this Court's jurisdiction.

<u>General Allegations</u>

7. This cause of action is brought by Plaintiffs Ginger Donat and Micah Gilliam as a collective action to recover from Defendants regular and overtime compensation, retaliatory damages, liquidated damages, costs, and reasonable

attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLSA" or the "Act.") on behalf of Plaintiffs and all other current and former employees similarly situated to Plaintiffs ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after February 2022, (the "material time") without being adequately compensated.

8. Defendant is a for-profit organization providing health-related services. Defendant provided free Covid-19 testing to the general population.

9. Defendant M.U. Consultants was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r)(1),(2) (A), and 203(s)(1)(A). Defendant is an institution engaged in healthcare activities connected to a public agency. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

10. Plaintiffs and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiffs were employed as office staff and coordinators for Covid-19 testing technicians. To perform their work, Plaintiffs used the channels of interstate commerce and regularly handled and worked on goods and materials produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

11. Defendants M.U. Consultants and Usman Tanveer employed Plaintiffs Ginger Donat and Micah Gilliam, as non-exempted, full-time employees approximately between February 01, 2022, and May 31, 2022.

12. Plaintiffs were hired to perform office work and to coordinate the activities of Covid-19 testing technicians.

13. At the time of their hiring, Defendants offered Plaintiff Ginger Donat a piece rate of approximately $12.00 per Covid-19 test performed.

14. Plaintiff Micah Gilliam had a wage rate of $30.00 an hour.

15. While employed by Defendants, Plaintiffs had a regular and mandatory schedule, and they worked six, and seven days weekly. Plaintiffs had similar schedules, and they worked from 91 and 90 hours every week.

16. The Plaintiffs were not able to take bonafide lunchtime.

17. Plaintiffs worked more than 40 regular hours per week. However, Defendants did not pay Plaintiffs for their services at any rate, not even at the minimum wage rate, as required by law.

18. Plaintiffs did not clock in and out, but Defendants could track the number of hours worked by Plaintiffs and other similarly situated individuals. Defendants knew about Plaintiff's number of working hours for the week.

19. Therefore, Defendants willfully failed to pay Plaintiffs minimum wages in violation of 29 U.S. Code §206 (a)(1). Defendants also failed to pay overtime hours at the rate of time and one-half their regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

20. On or about March 15, 2022, the Plaintiffs complained to the business owner Usman Tanveer about the lack of payment for regular and overtime wages for the last time. Defendant Usman Tanveer promised all the employees to fix the problem soon.

21. As a result of the Plaintiffs' complaints, Defendant Usman Tanveer, alleging pretextual reasons, fired Plaintiffs during the following days.

22. At times mentioned, individual Defendants Usman Tanveer, was the owner/partner, and he directed M.U. Consultants' operations. Defendant Usman Tanveer, was the Employer of Plaintiffs and other similarly situated

individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of M.U. Consultants concerning its employees, including Plaintiffs and others similarly situated. Defendant Usman Tanveer had financial and operational control of the business and provided Plaintiffs with their work schedule. Accordingly, he is jointly and severally liable for the Plaintiffs' damages.

23. Plaintiffs Ginger Donat and Micah Gilliam seek to recover unpaid regular and overtime wages accumulated during their relevant time of employment with Defendants, retaliatory damages, liquidated damages, and any other relief as allowable by law.

24. Plaintiffs are not in possession of time records, but they will provide a good-faith estimate about their unpaid wages.

25. Plaintiffs have retained the law offices of the undersigned attorney to represent them individually and on behalf of the asserted class in this action and are obligated to pay reasonable attorneys' fees and costs.

<u>Collective Action Allegations</u>

26. Plaintiffs bring this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

27. Plaintiffs contend that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiffs and other similarly situated individuals the proper compensation for regular hours and overtime hours at the rate of time and one-half their regular rate.

28. This action is intended to include every office clerk, Covid-19 tester coordinator, nurse assistant, technician, and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

<u>COUNT I:</u>
<u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION;</u>
<u>FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS</u>

29. Plaintiffs Ginger Donat and Micah Gilliam re-adopt every factual allegation stated in paragraphs 1-28 of this Complaint as if set out in full herein.

30. This action is brought by Plaintiffs Ginger Donat and Micah Gilliam, and those similarly situated to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

31. Defendants M.U. Consultants and Usman Tanveer employed Plaintiffs Ginger Donat and Micah Gilliam as non-exempted, full-time employees approximately between February 01, 2022, and May 31, 2022.

32. Plaintiffs Ginger Donat and Micah were hired as office clerks and Covid-19 testing coordinators.

33. Plaintiffs had similar duties, and at the time of hiring, Defendants offered Plaintiff Ginger Donat a piece rate of $12.00 per test performed

34. Defendants set Plaintiff Micah Gilliam a wage rate of $30.00 an hour.

35. While employed by Defendants, Plaintiffs had a regular, mandatory, and similar schedule, and they worked six and seven days per week, more than 40 hours weekly. The Plaintiffs were not able to take bonafide lunchtime.

36. Plaintiffs worked in excess of 40 hours per week, but they were not paid for overtime hours, as required by the FLSA.

37. Plaintiffs did not clock in and out, but Defendants could track the number of hours worked by Plaintiffs and other similarly situated individuals. Defendants knew about the Plaintiffs' number of working hours for the week.

38. Therefore, Defendants willfully failed to pay Plaintiffs overtime hours at the rate of time and one-half their regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

39. The records if any, concerning the number of hours worked by Plaintiffs and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants.  However, Defendants did not maintain accurate time records of hours worked by Plaintiffs and other employees upon information and belief. Therefore, Defendants violated the record-keeping requirements of FLSA, 29 C.F.R. Part 516.

40. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

41. Plaintiffs are not in possession of time records, but they will provide a good-faith estimate about their unpaid overtime hours.

42. Plaintiffs' overtime damages are as follows:

*Plaintiffs' damages are preliminary, calculated based on Plaintiffs' best recollections. Plaintiffs reserve the right to modify their calculations after discovery is taken and payroll is received from Defendants. Plaintiffs will not be able to accurately calculate their hours week by week until such time as when they receive discovery from Defendant.

43. **1.- Plaintiff Ginger Donat- O/T for 4 weeks + 4 days owed $3,240.00**

Defendant employed Plaintiff Ginger Donat from February 13, 2022, to March 17, 2022, or 4 weeks and 4 days.

Relevant weeks: 4 weeks and 4 days
Piece rate: $12.00
Total days worked: 7 days weekly

Total hours worked: 91 hours weekly average (13 hours daily)
O/T hours: 51 hours
Paid weekly: $0.00
Florida Minimum wage 2022: $10.00 an hour x 1.5=$15.00
O/T rate: $15.00

   i.   O/T for 4 weeks with 51 O/T hours
$15.00 x 51 O/T hours=$765.00 weekly x 4 weeks=$3,060.00

  ii.   O/T for 4 days with 52 hours =12 O/T hours in 4 days
$15.00 x 12 O/T hours=$180.00

44. **2.- Plaintiff Micah Gilliam- O/T for 17 weeks, owed $38,250.00**

Defendant employed Plaintiff Micah Gilliam from February 01, 2022, to May 31, 2022, or 17 weeks.

Relevant weeks: 17 weeks
Total days worked: 6 days weekly
Total hours worked: 90 hours weekly average (15 hours daily)
O/T hours: 50 hours
Wage rate: $30.00 x 1.5= $45.00 O/T rate
O/T rate: $45.00 an hour

O/T for 17 weeks with 50 O/T hours
$45.00 O/T rate x 50 O/T hours=$2,250.00 weekly x 17 weeks=$38,250.00

45. At all times, the Employers/Defendants failed to comply with Title 29 U.S.C.

§207 (a) (1), in that Plaintiffs and those similarly situated performed services

and worked more than the maximum hours provided by the Act. Still,

Defendants made no provision to properly pay them at the rate of time and

one-half for all hours worked over forty hours (40) per workweek as provided

in said Act.

46. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiffs and those similarly situated these overtime wages, as set forth above, and Plaintiffs and those similarly situated are entitled to recover double damages.

47. Defendants M.U. Consultants and Usman Tanveer willfully and intentionally refused to pay Plaintiffs overtime wages at the rate of time and one-half their regular rate, as required by the law of the United States, and remain owing Plaintiffs these overtime wages since the commencement of Plaintiff's employment with Defendants.

48. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiffs Ginger Donat, Micah Gilliam, and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiffs Ginger Donat and Micah Gilliam, and other similarly situated individuals and against the Defendants M.U. Consultants and Usman Tanveer based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid

overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiffs Ginger Donat and Micah Gilliam demand a trial by a jury of all issues triable as of right by a jury.

**<u>COUNT II:</u>**
**<u>FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION:</u>**
**<u>FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS</u>**

49. Plaintiffs Ginger Donat and Micah Gilliam re-adopt every factual allegation as stated in paragraphs 1-28 of this Complaint, as if set out in full herein.

50. Plaintiffs bring this action to recover from the Employer M.U. Consultants unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206.

51. Defendant M.U. Consultants was and is subjected to the minimum wage provisions of the Fair Labor Standards Act (FLSA).

52. USC §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

   (1) except as otherwise provided in this section, not less than—

   (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

   (B) $6.55 an hour, beginning 12 months after that 60th day; and

   (C) $7.25 an hour, beginning 24 months after that 60th day

53. Defendants M.U. Consultants and Usman Tanveer employed Plaintiffs Ginger Donat and Micah Gilliam as non-exempted, full-time employees approximately between February 01, 2022, and May 31, 2022.

54. Plaintiffs Ginger Donat and Micah were hired as office clerks and Covid-19 testing coordinators.

55. Plaintiffs had similar duties, and at the time of hiring, Defendants offered Plaintiff Ginger Donat a piece rate of $12.00 per test performed

56. Defendants set Plaintiff Micah Gilliam a wage rate of $30.00 an hour.

57. While employed by Defendants, Plaintiffs had a regular, mandatory, and similar schedule, and they worked six and seven days per week, more than 40 hours weekly. The Plaintiffs were not able to take bonafide lunchtime.

58. Plaintiffs worked in excess of 40 hours per week, but they were not paid for all the hours worked, as required by the FLSA.

59. Plaintiffs did not clock in and out, but Defendants could track the number of hours worked by Plaintiffs and other similarly situated individuals. Defendants knew about the Plaintiffs' number of working hours for the week.

60. There is a substantial number of working hours that were not paid to Plaintiffs at any rate, not even at the minimum wage rate, as required by law.

61. Plaintiffs did not clock in and out, but Defendants could track the number of hours worked by Plaintiffs and other similarly situated individuals. Defendants knew about the Plaintiffs' number of working hours for the week.

62. Therefore, Defendants willfully failed to pay Plaintiffs minimum wages in violation of 29 U.S. Code §206 (a)(1).

63. The records, if any, concerning the number of hours worked by Plaintiffs and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiffs and other employees. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

64. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their

Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

65. Before the completion of discovery, and to the best of Plaintiffs' knowledge, at the time of the filing of this Complaint, Plaintiffs' reasonable faith estimate of unpaid wages is as follows:

66. Plaintiffs' minimum wage damages are as follows:

*Plaintiffs' damages are preliminary, calculated based on Plaintiffs' best recollections. Plaintiffs reserve the right to modify their calculations after discovery is taken and payroll is received from Defendant. Plaintiffs will not be able to accurately calculate their hours week by week until such time as when they receive discovery from Defendant.
* Florida's minimum wage for 2022 is $10.00, which is higher than the Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

67. **1.- Plaintiff Ginger Donat-Min. wage, 4 weeks + 4 days, owed $2,000.00**

Defendant employed Plaintiff Ginger Donat from February 13, 2022, to March 17, 2022, or 4 weeks and 4 days.

Relevant weeks: 4 weeks and 4 days
Piece rate: $12.00
Total days worked: 7 days weekly
Total hours worked: 91 hours weekly average (13 hours daily)
Paid weekly: $0.00
Florida Minimum wage 2022: $10.00 an hour

    i.   Minimum wages for 4 weeks with 40 hours
       $10.00 x 40 regular hours=$400.00 weekly x 4 weeks=$1,600.00

    ii.   Minimum wages for 4 days with 52 hours
       $10.00 x 40 regular hours=$400.00

68. **2.- Plaintiff Micah Gilliam- Min. wage 17 weeks, owed $6,800.00**

Defendant employed Plaintiff Micah Gilliam from February 01, 2022, to May 31, 2022, or 17 weeks.

Total weeks worked: 17 weeks
Relevant weeks: 17 weeks
Total days worked: 6 days weekly
Total hours worked: 90 hours weekly average (15 hours daily)
Paid weekly: $0.00
Florida Minimum wage 2022: $10.00 an hour

Minimum wages for 17 weeks with 40 regular hours
$10.00 x 40 regular hours=$400.00 weekly x 17 weeks=$6,800.00

69. Defendants M.U. Consultants and Usman Tanveer unlawfully failed to pay Plaintiffs Ginger Donat and Micah Gilliam minimum wages.

70. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiffs and those similarly situated these minimum wages since the commencement of Plaintiffs and those similarly situated employee's employment with Defendants as set forth above. Plaintiffs and those similarly situated are entitled to recover double damages.

71. Defendants M.U. Consultants and Usman Tanveer willfully and intentionally refused to pay Plaintiffs minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiffs these minimum wages.

72. Plaintiffs Ginger Donat and Micah Gilliam have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay reasonable attorney's fees.

<u>Prayer for Relief</u>

Wherefore, Plaintiffs Ginger Donat, Micah Gilliam, and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiffs Ginger Donat and Micah Gilliam and against the Defendants M.U. Consultants and Usman Tanveer based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B.  Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiffs Ginger Donat and Micah Gilliam, and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

## COUNT III:
## FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE; PURSUANT TO 29 USC 215(a)(3); AGAINST ALL DEFENDANTS AS TO PLAINTIFF GINGER DONAT

73. Plaintiff Ginger Donat re-adopts every factual allegation as stated in paragraphs 1-28 of this Complaint as if set out in full herein.

74. Defendant M.U. Consultants was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r)(1),(2) (A), and 203(s)(1)(A).

75. Defendants' business activities involve those to which the Fair Labor Standards Act applies.

76. 29 USC § 206 (a) (1) states "….an Employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

77. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

78. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted

any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

79. Defendants M.U. Consultants and Usman Tanveer employed Plaintiff Ginger Donat as a non-exempted, full-time employee approximately from February 01, 2022, to March 17, 2022, or 4 weeks with 4 days.

80. Plaintiff was hired as an office clerk and Covid-19 coordinator. At the time of her hiring, Defendants offered Plaintiff a piece rate of $12.00 per test done.

81. While employed by Defendants, Plaintiff had a regular and mandatory schedule, and she worked seven days per week, an average of 91 hours weekly.

82. Plaintiff worked more than 40 hours per week. However, Defendants did not pay Plaintiff for her services at any rate, not even at the minimum wage rate, as required by law.

83. Plaintiff did not clock in and out, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals. Defendants knew about the Plaintiff's number of working hours for the week.

84. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of 29 U.S. Code §206 (a)(1). Defendants also failed to pay overtime hours at the rate of time and one-half their regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

85. Plaintiff complained to the business owner Usman Tanveer about the lack of payment for regular and overtime wages twice.

86. These complaints constituted protected activity under the FLSA.

87. On or about March 15, 2022, Plaintiff complained to the business owner Usman Tanveer about the lack of payment for regular and overtime wages for the last time. Defendant Usman Tanveer promised all the employees to fix the problem soon.

88. This complaint constituted protected activity under the FLSA.

89. However, as a result of Plaintiff's complaints, Defendant Usman Tanveer, alleging pretextual reasons, fired Plaintiff on or about March 17, 2022.

90. At the time of her termination, Plaintiff was performing the essential functions of her position satisfactorily. There was no other reason than retaliation to fire her.

91. There is close proximity between Plaintiff's protected activity and their termination.

92. The motivating factor which caused Plaintiff's discharge, as described above, was their complaints seeking unpaid regular and overtime wages from Defendants. In other words, Plaintiff would not have been discharged but for their complaints about unpaid regular and overtime wages.

93. Defendants' termination of Plaintiff was in direct violation of 29 USC 215 (a)(3), and as a direct result, Plaintiff has been damaged.

94. Plaintiff Ginger Donat has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

<u>Prayer For Relief</u>

Wherefore, Plaintiff Ginger Donat respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that the Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants M.U. Consultants and Usman Tanveer that Plaintiff Ginger Donat, recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney's fees, costs, and expenses.

D. Order the Defendants M.U. Consultants and Usman Tanveer to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Ginger Donat further prays for such additional relief as the interests of justice may require.

Demand for a Jury Trial

Plaintiff Ginger Donat demands a trial by a jury of all issues triable as of right by a jury.

Date:  December 20, 2022

Respectfully submitted,

By: **_/s/ Zandro E. Palma_**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:        (305) 446-1500
Facsimile:        (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiffs*